EAGLE ROOFING CO., INC., A CORPORATION OF .THE STATE OF. NEW JERSEY, PLAINTIFF-APPELLANT, v. CHARLES MAY, TRADING AS MAY ENGINEERING COMPANY, DEFENDANT-RESPONDENT.

Submitted May 4, 1948—Decided August 30, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the appellant, *John W. Reilly* (*Orville V. Meslar,* of counsel).

For the respondent, no appearance.

The opinion of the court was delivered by.

COLIE, J. The plaintiff, Eagle Roofing Co., instituted suit against the defendant, Charles May, wherein it sought to recover the sum. of $215, the unpaid balance on a roofing contract for $415. The defendant, May, counter-claimed alleging that the contract was performed in an unworkmanlike manner; that as a result thereof certain personal property was damaged and sought to recover damages therefor. The state of case settled by the trial judge discloses that the plaintiff proved a balance due under the contract of $200; that the defendant, May, testified to damages as a result of leaks in the roof amounting to $317 and the trial court entered judgment on the counter-claim in that amount. From this judgment Eagle Roofing Co. appeals.

In *Dyer* v. *Lintz,* 76 *N. J. L.* 204, this court, following the decision of the Court of Errors and Appeals in *Feeney* v.

*Bardsley,* 66 *Id.* 239, held in a similar situation that "if there had been a substantial performance of the contract, even though there was failure in some minor particulars, the contract price might be recovered, less a fair allowance to the owner to make good the defects." In the instant case there was evidence that the leak in the roof could have been repaired for $40.

Plaintiff in its brief contends that "he [defendant] should have had judgment for the contract price of $415 less any defects found in the performance of the contract, viz., deduction of $317 from $415 would have meant a balance of $98 due plaintiff; which, deducted from the $215 already received by plaintiff would result in a judgment of $117 for defendant at best." With this contention we are in agreement and since it is the only meritorious point on this appeal, judgment is entered for the defendant for $117 and costs.